UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL KHABBAZ, et al.,                                        MEMORANDUM
                                Plaintiffs,                     AND ORDER
                      - against -
COSTCO WHOLESALE CORPORATION,                                   14-CV-6240 (JO)
                                Defendant.
------------------------------------------------------------X

James Orenstein, Magistrate Judge:

The parties jointly move for approval of a settlement on behalf of the infant plaintiff,

Michael Khabbaz.[1] For the reasons set forth below, I grant the motion conditioned on the parties'

agreement to accept a reduction in the portion of the settlement amount to be set aside as to

attorneys' fees and costs. Specifically, I will approve the proposed settlement if the parties agree to

reduce the amount of attorneys' fees from $19,819.00 to $17,106.25.

I.       Background

I assume the reader's familiarity with the facts and procedural history of this action, as

described in the pleadings and docket entries. I include here only additional background information

relevant to the instant motion. Michael Khabbaz and his mother, Valentina Khabbaz, sued

defendant Costco Wholesale Corporation ("Costco") to recover damages arising from the personal

injuries that Michael Khabbaz sustained while riding an escalator at a Costco location in Brooklyn,

New York. Docket Entry ("DE") 1 at 7-12 (Complaint, appended to removal notice). After the case

was removed to this court, the parties agreed to refer it to a magistrate judge for all purposes

including the entry of judgment. DE 12; *see* 28 U.S.C. § 636(c).

---

[1] I use the infant plaintiff's full name, rather than his initials, because his guardian and counsel have
done likewise in previous filings and have thereby waived the right to redact such information. *See*
Fed. R. Civ. P. 5.2(h).

On March 24, 2016, the parties notified me that they had reached an agreement to settle the case. DE 26. They filed a motion to approve the proposed infant compromise on June 21, 2016. DE 29. I discussed the proposal with clients and counsel at a hearing on July 14, 2016; although I anticipated approving the settlement as fair, I noted that I could not do so without first receiving additional information required under applicable law, including counsel's billing records and cost documentation. DE 31 (minute entry); *see* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. § 1208. The parties submitted a revised motion for infant compromise on July 25, 2016. DE 32. The submission included the plaintiffs' retainer agreement with counsel and records documenting costs, but did not include contemporaneous billing records. *See* DE 32-2. During a telephone conference held on August 15, 2016, the plaintiffs' counsel reported that no contemporaneous billing records are available, and instead offered to submit an estimate of the hours expended on this matter; I responded that I would consider such an estimate to determine an appropriate fee reduction. DE 33 (minute entry). Counsel filed the billing estimate on August 18, 2016. DE 34.

II.     Discussion

An infant plaintiff's counsel is required to submit contemporaneous time records to support an application for attorneys' fees. *See R.G. v. Federated Inc.*, 2016 WL 3072396, at *2 (S.D.N.Y. May 27, 2016). Where, as here, counsel fails to submit such records, courts reduce the amount of fees awarded. *See id.* at *2 (reducing fees awarded by five percent where infant's counsel submitted the retainer agreement but no time records); *Griffiths ex rel. Griffiths v. Jugalkishore*, 2010 WL 4359230, at *7 (S.D.N.Y. Oct. 14, 2010) (report and recommendation suggesting thirty percent reduction in similar circumstances), *adopted*, 2010 WL 4365552 (S.D.N.Y. Nov. 3, 2010). In *R.G.*, as in this case, the infant plaintiff's counsel submitted a retainer agreement and reconstructed (not contemporaneous) billing records. The court reduced the requested fee by five percent because it found "no reason to doubt that these reconstructed time records represent Plaintiff's counsel's best

2

estimate of his hours worked on this case, and nothing in the records themselves suggests that they are wholly unreliable, other than the fact that Plaintiff's counsel did not log his time contemporaneously." 2016 WL 3072396, at *2.

The plaintiffs seek $19,819.00 in attorneys' fees, pursuant to a one-third contingency fee provision in their retainer agreement with counsel. *See* DE 32 (attorney affirmation) at 3; DE 32-2 at 1 (retainer agreement).[2] The reconstructed billing records reflect 115 hours worked at an hourly rate of $250, for a total of $28,750.00 in fees. *See* DE 34. As explained below, I conclude that those records do not support the plaintiffs' request.

First, the reconstructed billing records do not sufficiently identify the attorney who performed the work. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("These records should specify, for each attorney, the date, the hours expended, and the nature of the work done."). Under such circumstances, the court should base its fee award on the lowest hourly rate from among the attorneys who could have performed the work. *See Alvarado v. Five Town Car Wash, Inc.*, 2015 WL 5437254, at *3 (E.D.N.Y. July 23, 2015) (report and recommendation), *adopted*, 2015 WL 5444930 (E.D.N.Y. Sept. 15, 2015). I therefore determine an appropriate fee based on the assumption that all compensable work was performed by the most junior member of the team of lawyers who served as the plaintiffs' counsel: Robert S. Whitbeck, who, according to the pertinent state bar records, was admitted to practice in New York in 2014. *See* New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/AttorneySearch (last visited March 15, 2017).

---

[2] The parties have also agreed that counsel should receive $10,542.00 as reimbursement for litigation costs. *See* DE 32 (attorney affirmation) at 3. Counsel has adequately documented those costs, *see* DE 32-2 at 2-27, and I therefore approve that component of the parties' agreement.

An hourly rate of $250 is higher than that usually awarded to an attorney so recently admitted to practice; a more appropriate rate is $175 per hour. *See Koszkos v. Janton Indus., Inc.*, 2016 WL 4444329, at *8 (E.D.N.Y. Aug. 3, 2016) (approving a rate of $175 per hour for an associate with two years of experience) (report and recommendation), *adopted*, 2016 WL 4444782 (E.D.N.Y. Aug. 23, 2016); *Rickettes v. Turton*, 2015 WL 3868070, at *10 (E.D.N.Y. June 23, 2015) ("In the Eastern District of New York, courts in recent years have approved hourly rates from $300 to $450 for partners in law firms, $200 to $325 for senior associates, and $100 to $200 for junior associates").

Second, the billing descriptions include some anomalies that call into question the claimed number of hours. Counsel billed two hours for a court appearance on March 24, 2015, but there is no record of such a conference on the docket. DE 34 at 3. Several tasks are block billed. *Id.* at 2 (billing five hours for "25 calls"). Counsel also included work typically performed by a paralegal. *Id.* (billing one hour for "coping [sic] of summons & complaint for service to process server"). The uncertainties attendant to the after-the-fact reconstruction in this case persuade me that a reduction to the claimed hours worked is warranted. *See, e.g., D.J. ex rel. Roberts v. City of New York*, 2012 WL 5431034, at *7-8 (S.D.N.Y. Oct. 16, 2012) (report and recommendation) (reducing the claimed hours spent working on the case where plaintiff's counsel submitted inaccurate and unreliable billing records), *adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012). I conclude that a fifteen percent reduction in the total number of hours is appropriate, and will therefore approve fees based on an hourly rate of $175 and a total of 97.75 hours of compensable work.

Accordingly, I will approve fees in the total amount of $17,106.25. I conclude that this small reduction "sufficiently emphasizes the importance of contemporaneous time records to the Court's analysis, while still providing suitable compensation to Plaintiff's counsel for his work on this case." *R.G.*, 2016 WL 3072396, at *2.

III.    <u>Conclusion</u>

For the reasons set forth above, I will grant the motion for infant compromise if the parties agree to reduce the amount of attorneys' fees from $19,819.00 to $17,106.25, with the infant plaintiff to receive the difference. I respectfully direct the parties to submit a status report by March 22, 2017, as to whether they remain in agreement to settle the case with that fee reduction.

SO ORDERED.

Dated:  Brooklyn, New York
        March 15, 2017

                                        _____/s/_____
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge